MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: RUSSELL M. YANKWITT
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,  :
  :  STIPULATION AND ORDER OF
    Plaintiff,  :  SETTLEMENT AND DISMISSAL
  :
  - against -  :  07 Civ. 11380 (CLB)
  :
WESTCHESTER MEDICAL CENTER,  :
  :
    Defendant.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

  WHEREAS, the United States of America (the "United States" or "Government") filed a complaint against defendant Westchester Medical Center ("WMC") upon a common law claim of unjust enrichment with respect to claims for payment from 1998 to 2002 that WMC presented to the United States for laboratory tests relating to End Stage Renal Disease ("ESRD") outpatients.

  WHEREAS, the Government alleges that WMC submitted claims for payment for ESRD outpatients that (i) were billed more frequently than allowed by the composite rate for ESRD, given the medical history of the patients; (ii) did not contain the necessary medical justification; (iii) did not contain adequate lab results for the dates of service; and (iv) were for tests that had already been paid in the composite rate set by the Government (collectively, such alleged conduct outlined shall be referred to as the "Covered Conduct");

WHEREAS, WMC denies the material allegations of the Government's complaint and denies any wrongdoing or liability related to the Covered Conduct; and

WHEREAS, to avoid the delay, expense, uncertainty, and inconvenience of protracted litigation, the parties desire to reach a full and final compromise of the claims that the United States asserts in this action;

NOW, THEREFORE, the parties hereto, in consideration of the mutual promises, obligations, undertakings, and commitments hereinafter set forth, do hereby covenant and agree as follows:

1. The parties hereto consent to this Court's exercise of personal jurisdiction over each of them.

2. WMC consents to the entry of a judgment for the sum of sixty-five thousand dollars ($65,000) (the "Settlement Amount") (in the form attached hereto as Exhibit A) against it and in favor of the United States, and the United States agrees to accept such Judgment in full compromise and satisfaction of the allegations set forth in the Government's complaint as set forth in paragraph 3, infra.

3. This Settlement Amount is to be discharged by payments to the United States under the following terms and conditions:

    a. WMC shall pay the Settlement Amount to the United States within ten (10) days of WMC being notified that the Stipulation has been So Ordered by the Court.

    b. WMC's payment shall be made by electronic wire transfer pursuant to written instructions that have been provided by the United States Attorney's Office for the Southern District of New York.

   c. After WMC has complied with the entire payment obligation as set forth in the Stipulation and Order of Settlement and Dismissal, the United States shall file with the Clerk of the Court and deliver to WMC a satisfaction of judgment.

  4. Subject to the exceptions in paragraph 6, infra, in consideration of the obligations of WMC as set forth in this Stipulation and Order, and conditioned upon WMC's timely payment in full of the Settlement Amount to the United States, the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release WMC and its current and former officers, employees, trustees, directors, agents, shareholders, parents, subsidiaries, and affiliates from any civil or administrative monetary claim the United States, or any of its officers, agents, agencies, or departments, has or may have under the common law theories of unjust enrichment, payment by mistake or fraud, or any other legal or equitable theory relating to the matters based on the Covered Conduct.

  5. Subject to the exceptions in paragraph 6, infra, WMC agrees to release the United States, its agencies, departments, employees, servants and agents from any claims (including attorneys' fees, costs, and expenses of any kind and however denominated), which WMC has asserted, could have asserted, or may assert in the future against the United States or its agencies, departments, employees, servants and agents related to the matters based on the Covered Conduct, the United States' investigation and prosecution thereof, and this Stipulation and Order.

  6. Notwithstanding any term of this Stipulation and Order, including the releases provided herein, any and all of the following are specifically reserved and excluded from the scope and terms of the releases set forth in paragraphs 4 and 5 of this Stipulation and Order:

  a.  Any civil, criminal or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

  b.  Any criminal liability;

  c.  Any administrative liability, other than to CMS or HHS (which agencies are included in the release);

  d.  Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

  e.  Any liability based upon such obligations as are created by this Stipulation and Order; and

  f.  Any liability to the United States of any person or entity, including but not limited to any joint tortfeasor, who or that is not released by the terms of this Stipulation and Order.

7.  In the event of a criminal prosecution or administrative proceeding relating to the Covered Conduct that is permitted to be brought pursuant to paragraph 6 hereof, WMC waives and will not assert any defenses it may have based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation and Order bars a remedy sought in such criminal prosecution or administrative proceeding. Nothing in this Stipulation and Order constitutes an agreement by the United States or by WMC concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

8.  WMC shall be in default of this Stipulation and Order if it fails to timely make the payment as set forth in paragraph 3. The consequence of default shall be that WMC shall be liable for interest at the rate of 12 percent per annum, compounded daily, on any balance of the Settlement Amount that remains unpaid and until such time as WMC fully complies with the

payment obligations. Any such interest shall be added to and deemed to be part of the Settlement Amount as defined and used herein.

9. If WMC is in default of its payment obligations set forth in this Stipulation and Order, the stay of enforcement provided in paragraph 2 of the Judgment shall be lifted, and the remaining unpaid balance of the Settlement Amount shall become immediately due and payable, and the United States may exercise all statutory, common law, or equitable rights to collect such outstanding balance of the Settlement Amount, including by offsetting funds owed to WMC by the United States.

10. WMC agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States with respect to any amount due hereunder, either administratively or in any State or Federal court. The United States shall be entitled to an award of reasonable costs and attorney's fees in connection with any such collection efforts.

11. The parties further warrant that the mutual promises, covenants and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value, which are not intended to hinder, delay, or defraud any entity to which such party was or became indebted to on or after the date of the payment of the Settlement Amount, within the meaning of 11 U.S.C. § 548(a)(1).

12. If within ninety-one (91) days of any payment under this Stipulation and Order, WMC commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization or relief of debtors (i) seeking to have any order for relief of WMC's debts, or seeking to adjudicate WMC as bankrupt or insolvent, or (ii) seeking appointment of a receiver, trustee, custodian or other similar official for WMC,

WMC agrees as follows:

  a. WMC will not argue or otherwise take the position in any such case, proceeding or action that: (i) its obligations under this Stipulation and Order may be avoided under 11 U.S.C. § 547; (ii) it was insolvent at the time this Stipulation and Order was entered into, or became insolvent as a result of the payments made to the United States hereunder; or (iii) the mutual promises, covenants and obligations set forth in this Stipulation and Order do not constitute a contemporaneous exchange for new value given to WMC.

  b. If WMC's obligations under this Stipulation and Order are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance power under the Bankruptcy Code, the United States, at its sole option, may rescind its agreement to this Stipulation and Order, and bring any civil and/or administrative claim, action or proceeding against WMC relating to the Covered Conduct. If the United States chooses to do so, WMC agrees that it: (i) will not argue or otherwise contend that the United States' claims, actions or proceedings are subject to an automatic stay pursuant to 11 U.S.C. § 362(a); and (ii) will not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any such civil or administrative claims, actions or proceedings, which are brought by the United States within thirty (30) calendar days of written notification to WMC that the releases herein have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the date of the filing of the complaint. If the United States chooses not to rescind this Stipulation and Order pursuant to this Paragraph, the United States shall be deemed to have a valid claim in bankruptcy against WMC in the amount of $65,000.00 less any amounts previously paid, and the United States may pursue its claim, inter

-6-

alia, in the case, action or proceeding referenced in the opening clause of this Paragraph, as well as in any other case, action, or proceeding.

      c.    WMC acknowledges that its agreements in this paragraph are provided in exchange for valuable consideration provided in this Stipulation and Order.

      d.    Nothing in this paragraph constitutes a determination or acknowledgment that any claim of the United States against WMC would be dischargeable in bankruptcy.

13.    Each party shall bear its own legal and other costs incurred in connection with this matter, including in connection with the preparation and performance of this Stipulation and Order.

14.    The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation and Order will be the United States District Court for the Southern District of New York.

15.    This Stipulation and Order constitutes the complete agreement between the parties. This Stipulation and Order may not be amended except by written consent of the parties, and further order of the Court.

16.    In consideration of the obligations of WMC in this Stipulation and Order, this action is dismissed with prejudice, provided, however, that the Court shall retain jurisdiction over this Stipulation and Order and over each party to the extent the obligations herein remain unsatisfied by that party, and the action may be reopened on notice if necessary to enforce the settlement.

17.    The undersigned individuals signing this Stipulation and Order on behalf of WMC represent and warrant that they are authorized by WMC to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this Stipulation and Order

-7-

in his official capacity and is authorized by the United States to execute this Stipulation and Order.

18. This Stipulation and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

19. This Stipulation and Order is effective on its date of entry by the Court.

Dated: New York, New York
       December __, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff United States of America

By: _____
RUSSELL M. YANKWITT
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2696

Dated: New York, New York
       December 10, 2007

CADWALADER, WICKERSHAM & TAFT LLP
Attorneys for Defendant WMC

By: _____
PETER G. BERGMANN, Esq.
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 993-3380

Accepted and agreed to
on December 5, 2007:

WESTCHESTER MEDICAL CENTER

By: _____

So Ordered: December 21, 2007

_____
HON. CHARLES L. BRIEANT
UNITED STATES DISTRICT JUDGE
CHARLES L. BRIEANT
USDJ

-8-



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

December 20, 2007

By Hand

Honorable Charles L. Brieant
United States District Court Judge
United States Courthouse
300 Quarropas St., Room 275
White Plains, New York 10601

      Re:    United States of America v. Westchester Medical Center,
             07 Civ. 11380 (CLB)

Dear Judge Brieant:

      Counsel in the above-referenced proceeding respectfully submit for the Court's approval the enclosed fully executed Stipulation and Order of Settlement and Dismissal, pursuant to which defendant Westchester Medical Center has agreed to pay plaintiff United States of America $65,000, and plaintiff has agreed to dismiss with prejudice and without costs all claims against Westchester Medical Center. The parties will submit a signed original stipulation as soon as possible.

      Pursuant to the Guidelines for Electronic Case Filing, an electronic copy of the proposed Stipulation and Order will be e-mailed to: orders_and_judgments@nysd.uscourts.gov.

      Thank you for your consideration.

                              Respectfully,

                              MICHAEL J. GARCIA
                              United States Attorney

             By: _____
                              RUSSELL M. YANKWITT
                              Assistant United States Attorney
                              Telephone: (212) 637-2745

Encl.

cc:    Peter G. Bergmann, Esq. (By Fax)